## In re WOLOSCHAK FARMS, Debtor.

## UNITED STATES of America, Appellant,

v.

## WOLOSCHAK FARMS, Appellee.

### Bankruptcy No. C87–1978Y.

United States District Court, N.D. Ohio, E.D.

Nov. 7, 1989.

Patrick M. McLaughlin, U.S. Atty., Arthur I. Harris, Asst. U.S. Atty., Cleveland, Ohio, Edward A. Hoffman, Regional Atty., Dennis Perri, U.S. Dept. of Agriculture, Chicago, Ill., for appellant.

Douglas S. Roberts, Columbus, Ohio, for appellee.

## MEMORANDUM OF OPINION RE: VACATING BANKRUPTCY COURT'S AWARD OF ATTORNEY FEES

KRENZLER, District Judge.

The above-captioned bankruptcy appeal was initiated by the appellant, United States of America (the "government"), seeking review of a bankruptcy court award of costs and attorney fees in favor of the debtor, Woloschak Farms, the appellee herein. In the proceedings below, the bankruptcy court found that the government had willfully violated the automatic stay provisions of 11 U.S.C. § 362(a)(7).[1] Consequently, the bankruptcy court awarded costs and fees to appellee, pursuant to 11 U.S.C. § 362(h) ("section 362(h)") 70 B.R. 498.[2] The parties have filed opposing briefs and memoranda. For the following

---

1. The relevant portion of section 362 provides as follows:

    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

    \* \* \* \* \* \*

    (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor[.]

2. Section 362(h), added to the Bankruptcy Code in 1984, states:

    "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

reasons, the award of costs and attorney fees shall be vacated.

In its brief on appeal, the government argues that the bankruptcy court erred in finding that it had violated the automatic stay, and in finding that the alleged violation was willful. Pursuant to 28 U.S.C. § 636(b)(1), (3), and L.Civ.R. 19.05–19.12, this Court referred the matter to a magistrate for a report and recommended decision. The Magistrate returned a Report and Recommended Decision affirming the bankruptcy court. The government filed objections to the Magistrate's Report. Appellee has filed a response to the government's objections.

In its objections, the government challenges, for the first time, the bankruptcy court's subject matter jurisdiction to award fees against it under section 362(h). While generally issues not raised in the bankruptcy court will not be addressed on appeal, jurisdictional defenses cannot be waived and may be raised at anytime. *Hydrogen Technology Corp. v. United States of America*, 831 F.2d 1155, 1162, n. 6 (1st Cir.1987), *cert. denied*, 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988). Therefore, this Court shall consider the government's challenge to the bankruptcy court's subject matter jurisdiction.

The government relies on the doctrine of sovereign immunity. The government correctly points out that it enjoys immunity from suit which, unless waived, precludes recovery against it. The government argues that it has not waived sovereign immunity as to claims under section 362(h) and, therefore, the bankruptcy court was without jurisdiction.

The government relies on this Court's recent decision in *In Re Academy Answering Service, Inc.*, 100 B.R. 327 (N.D.Ohio, 1989) (Aldrich, J.). *In Re Academy* involved an appeal by the Internal Revenue Service from a bankruptcy court award of attorney fees pursuant to section 326(h). This Court found that "no indication is provided, either in § 362(h) itself or in [11

U.S.C.] § 106, the Bankruptcy Code's general sovereign immunity waiver provision (or in the legislative history of either provision), that Congress intended to expose the United States to § 362(h) attorney's fee awards." *Id.* at 329–30. Consequently, this Court held that "[t]he doctrine of sovereign immunity thus provides a complete shield against liability for attorney fees, and requires reversal of the bankruptcy court's award." *Id.* at 330.

Appellee relies on 11 U.S.C. § 106 ("section 106") to support its contention that the government has waived sovereign immunity as to section 362(h) claims. Section 106 provides as follows:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

Appellee does not argue that subsections (a) or (b) apply in this case.[3] Rather, appellee relies solely upon subsection (c). Appellee argues that sovereign immunity is waived in any provision of the Bankruptcy Code containing one of the "trigger" words contained in section 106(c)(1). Appellee concludes that since other subsections of section 362 contain the word "entities," then section 106(c) immunity applies to section 362(h) claims.

---

**3.** The waiver of immunity in subsections (a) and (b) apply only where the government has filed a proof of claim in the bankruptcy proceedings.

The record before this Court does not indicate that a proof of claim has been filed in this case. Thus, subsections (a) and (b) are not applicable.

This Court finds that section 106(c) does not waive the government's sovereign immunity from claims under section 362(h). Section 106(c) waiver is inapplicable in this case because section 362(h) does not contain any of the triggering terms set forth in section 106(c)(1). *Hoffman v. Connecticut Department of Income Maintenance,* —— U.S. ——, ——, 109 S.Ct. 2818, 2825–26, 106 L.Ed.2d 76 57 U.S.L.W. 4915, 4918 n. 4 (1989) (Marshall, J., dissenting). The fact that provisions of section 362 other than subsection (h) may be subject to section 106(c) waiver does not change this conclusion.

In light of the above, this Court holds that the bankruptcy court lacked jurisdiction to make an award of attorney fees against the government pursuant to section 362(h). Accordingly, the bankruptcy court's award of costs and attorney fees shall be vacated.