**In re Lawrence L. NICHOLS, Jr., Carol Joann Nichols, Debtors.**

**Lawrence L. NICHOLS, Jr. and Carol Joann Nichols, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 2–91–04553.**
**Adv. No. 2–91–0361.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 8, 1992.

Judith M. McInturff, Columbus, Ohio, for debtors.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

Brenda L. Dodrill, Columbus, Ohio, Asst. U.S. Atty.

OPINION AND ORDER

R. GUY COLE, Jr., Bankruptcy Judge.

I. *Preliminary Matters*

This matter is before the Court upon a Motion to Show Cause Why Defendant Internal Revenue Service Should Not Be Held in Contempt of Court ("Motion"), filed by Lawrence L. and Carol J. Nichols ("Debtors"), the debtors in this Chapter 7 proceeding. The Motion requests that the Court hold the Internal Revenue Service ("IRS") in contempt for its alleged violation of the automatic stay imposed by 11 U.S.C. § 362(a), and prays for compensatory and punitive damages. A Motion to Dismiss was filed in response by the United States on behalf of the IRS. The matter came on for hearing on June 8, 1992. Following the close of evidence, the parties were given an opportunity to file post-hearing briefs. The Debtors filed a post-hearing memorandum on June 15, 1992.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in

this district.[1] This is a core proceeding which the Court may hear and determine in accordance with 28 U.S.C. § 157(b)(1) and (2)(A) and (G). The following opinion and order constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## II. *Findings of Fact*

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on June 14, 1991. Listed in Schedule A–1, under "Creditors Having Priority," are several obligations to the IRS. At the hearing, counsel for the parties advised the Court that they had stipulated to all the relevant facts. The following stipulations of fact were read into the record:

1. A wage levy was issued by the IRS against Carol Nichols' wages by notice issued by the IRS on May 31, 1991. The wage levy was completed on Mrs. Nichols' wages.

2. The Chapter 7 bankruptcy was filed June 14, 1991.

3. A copy of the Chapter 7 petition was transmitted to the IRS via its agent, Thomas Charles, and the levy was released June 14, 1991.

4. An adversary proceeding to determine the dischargeability of the underlying tax debt was filed by the Debtors on September 20, 1991.

5. A pretrial was held in the adversary proceeding on January 6, 1992.[2]

6. On January 17, 1992, a notice of levy was sent by the IRS to the Debtors.

7. On January 28, 1992, Brenda Dodrill and Terry Serena were notified by Debtors' counsel of the levy and the levy was terminated.

8. On February 14, 1992, a levy was completed on the paycheck of Mrs. Nichols by her employer in the sums of $257.86 on one week, and $257.85 on the next week's paycheck were held.

9. No money was released by Mrs. Nichols' employer to the IRS.

10. Notice was given to the IRS of a levy, and the levy was released February 21, 1992.

11. On March 6, 1992, the IRS levied on the Telohio Credit Union checking account and Telohio held the sum of $199.19.

12. No money was released by Telohio to the IRS.

13. The IRS was notified and the levy was released March 17, 1992.

14. This contempt motion was filed March 19, 1992.

15. On May 4, 1992, a notice of setoff by the IRS was received by the Debtors indicating that the IRS set off their 1991 tax refund by the sum of $2,274.11.

16. The funds were held by the IRS and, after notice to Terry Serena, were released to the Debtors approximately thirty days later.

17. The Debtors received two correction notices dated March 29, 1992 and April 19, 1992 relative to existing tax liens.

At the hearing, the Court took judicial notice of the fact that the IRS did not file a proof of claim in the bankruptcy case.

The Debtors request an award of both compensatory and punitive damages. The Debtors seek reimbursement for costs in-

---

**1.** The IRS attempts to argue that the Court lacks jurisdiction over this matter. This theory appears to be based on a single statement in *United States v. Nordic Village:* "Congress has not empowered a bankruptcy court to order a recovery of money from the United States. —— U.S. ——, ——, 112 S.Ct. 1011, 1017, 117 L.Ed.2d 181 (1992). The Court rejects this argument. A bankruptcy court clearly has jurisdiction over matters involving the automatic stay, one of the fundamental protections of bankruptcy. *See* 28

U.S.C. § 157(b)(2)(G). The statement from *Nordic Village* referred to by the IRS concerns governmental immunity and not jurisdiction. Nowhere in the *Nordic Village* decision does the Supreme Court state that a bankruptcy court lacks jurisdiction over § 362 matters merely because the government is involved.

**2.** This date is incorrect; the pretrial was actually held on January 10, 1992.

curred as a result of the two IRS levies, as well as for the costs and fees in filing the Motion and attending the hearing. The Debtors also request that the Court assess punitive damages in the amount of $25,000.

### III. *Conclusions of Law*

Sovereign immunity is a "judicial doctrine which precludes bringing suit against the government without its consent." *Black's Law Dictionary* 1396 (6th ed. 1991). Section 106 of title 11, the general sovereign immunity provision of the Bankruptcy Code, provides as follows:

> (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

> (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

> (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

> (1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units; and

> (2) a determination by the court of an issue arising under such a provision binds governmental units.

Subsection (a) of § 106 waives sovereign immunity with respect to compulsory counterclaims to governmental claims; subsection (b) waives sovereign immunity with respect to permissive counterclaims to governmental claims, although such immunity is waived only to the amount of setoff. *United States v. Nordic Village*, —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). The waivers found in §§ 106(a) and (b) are generally held to apply where the government has filed a proof of claim in a bankruptcy proceeding.[3] *Sullivan v. Town & Country Home Nursing Serv., Inc. (In re Town & Country Home Nursing Serv., Inc.)*, 963 F.2d 1146, 1150 (9th Cir.1992); *Taborski v. United States of America*, 141 B.R. 959, 962 (N.D.Ill. 1992); *United States v. Wolaschak Farms (In re Wolaschak Farms)*, 109 B.R. 736, 737 n. 3 (N.D.Ohio 1989). Neither § 106(a) or (b) is applicable to the instant facts, as the IRS has not filed a proof of claim. Thus, the issue before the Court today is whether § 106(c) acts to waive the sovereign immunity of the United States to the relief requested by the Motion.

Until late February 1992, § 106(c) was subject to divergent interpretations with

---

**3.** The Court notes that there is a question as to whether the application of § 106(a) requires the filing of a formal proof of claim by a governmental unit. The Ninth Circuit recently held that a proof of claim need not necessarily be filed in order to trigger § 106(a). *Sullivan v. Town & Country Home Nursing Serv., Inc. (In re Town & Country Home Nursing Serv., Inc.)*, 963 F.2d 1146 (9th Cir.1992). Rather, "even though no document is filed with the bankruptcy court, an informal proof of claim may arise out of demands against the estate or out of correspondence between a creditor and the trustee or debtor-in-possession which demonstrate an intent on the part of the creditor to assert a claim against the bankruptcy estate." *Id.* (citing *In re Anderson–Walker Indus., Inc.*, 798 F.2d 1285, 1287–88 (9th Cir.1986)). The governmental creditor in *Town & Country,* for approximately ten months prior to the filing of the bankruptcy petition, had been offsetting money owed it by the debtor against payments due and payable monthly to the debtor. The obligation owed the government was based on overpayments to the

debtor from 1982 through 1984; the debtor executed a promissory note to resolve the overpayments. *Town & Country*, 963 F.2d at 1148. This offsetting continued after the Chapter 11 case was filed by the debtor. The debtor initiated an adversary proceeding against the government, seeking recovery under various claims for relief. The government moved to dismiss on sovereign immunity grounds. The Ninth Circuit concluded: "[T]he [government's] affirmative actions after the bankruptcy filing, namely offsetting [its] claim against estate assets, and giving notice to the debtor of such offset, were the equivalent of asserting an informal proof of claim." *Id.* at 1153. As such, § 106(a) was applicable, and the debtor was able to proceed to monetary judgment against the government.

Even were the Court to follow this decision, the instant facts are distinguishable. The IRS, in the instant proceeding, has not taken sufficient affirmative action to constitute an informal proof of claim.

respect to monetary claims against the federal government.[4]  However, the Supreme Court's decision in *United States v. Nordic Village,* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), appears to resolve these disputes.  In *Nordic Village,* about four months after the filing of the Chapter 11 petition, an officer and shareholder of the debtor paid $20,000 of the debtor's monies to the IRS and directed the IRS to apply the funds against his individual tax liability, which it did.  A subsequently appointed trustee commenced an adversary proceeding against the IRS seeking to avoid and recover the $20,000 transfer under §§ 549(a) and 550(a).  The bankruptcy court permitted the recovery.  The IRS raised the defense of sovereign immunity for the first time on appeal.  The district court and the Sixth Circuit affirmed the decision of the bankruptcy court.

The Supreme Court articulated that, to be effective, a waiver of the government's sovereign immunity must be unequivocally expressed.  *Id.* at ——, 112 S.Ct. at 1014 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, ——, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)) (additional citations omitted).  This doctrine is based on the rationale that the government's consent to be sued must be construed strictly in favor of the sovereign and not extended beyond specific statutory language.  *Nordic Village,* — U.S. at —— - ——, 112 S.Ct. at 1014–15 (quoting *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951); *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983) (quotation omitted)).

▮ Subsections (a) and (b) of § 106 unequivocally express the government's waiver of sovereign immunity with respect to compulsory and permissive counterclaims.  *Nordic Village,* — U.S. at ——, 112 S.Ct.

at 1014.  As to § 106(c), however, although it also waives sovereign immunity, it does not "establish unambiguously that the waiver extends to monetary claims."  *Id.* Rather, while § 106(c) permits a bankruptcy court to issue declaratory and injunctive relief against the government, the section is capable of at least two interpretations which do not authorize monetary relief.  *Id.* at ——, 112 S.Ct. at 1015.  Thus, as a waiver of sovereign immunity must be explicitly stated in the statute, and § 106(c) may be interpreted in more than one manner, this section does not constitute an unequivocal expression of waiver.  *Id.* at ——, 112 S.Ct. at 1016.  *See also Hankerson v. United States Dep't of Educ.,* 138 B.R. 473, 477 (E.D.Pa.1992).  The *Nordic Village* court concluded that: "[n]either § 106(c) nor any other provision of law establishes an unequivocal textual waiver of the Government's immunity from a trustee's claims for monetary relief."  *Nordic Village,* — U.S. at ——, 112 S.Ct. at 1017.  Thus, a bankruptcy court can order declaratory or injunctive relief against the United States, but cannot order a recovery of money, unless a proof of claim has been filed.

The Debtors argue that the fact that they are proceeding under § 362, while the trustee in *Nordic Village* sought relief under §§ 549 and 550, mandates a different conclusion.  The *Nordic Village* analysis, however, focuses upon § 106(c).  The key fact in *Nordic Village* was that the trustee had requested *monetary relief* as opposed to *declaratory or injunctive relief* against the government, and not that his cause of action was based upon §§ 549 and 550.  The doctrine announced in *Nordic Village* is that § 106(c) does not act to waive the federal government's sovereign immunity as to money damages.  As such, *Nordic Village* governs all proceedings in which: 1) monetary relief against the government

---

**4.**  *See, e.g., Pearson v. United States (In re Pearson),* 917 F.2d 1215 (9th Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 1291, 117 L.Ed.2d 514 (1992) (monetary recovery against the United States under § 362(h) is not permitted, as that section does not contain any of the trigger words required by § 106(c)—"creditor," "entity," or "governmental unit"); *In re Husher,* 131

B.R. 550 (E.D.N.Y.1991) (§ 106(c) allows trustee to recover monies against IRS pursuant to § 547); *United States v. Wolaschak Farms (In re Wolaschak Farms),* 109 B.R. 736 (N.D.Ohio 1989); (§ 106(c) precludes recovery under § 362(h)); *In re Taborski,* 1991 WL 236872 (Bankr.N.D.Ill.1991), *aff'd on other grounds,* 141 B.R. 959 (N.D.Ill.1992).

**108**

is requested, and 2) neither § 106(a) nor (b) applies. The Code section pursuant to which the monetary relief is pursued is not relevant.

 While the facts show an intentional violation of the automatic stay by the IRS, this Court is bound by the doctrine of *stare decisis* to follow the *Nordic Village* decision. The clear mandate of *Nordic Village* precludes monetary recovery against the IRS for its violation of § 362(a). As such, the Motion must be denied.

Although the Court is required to follow *Nordic Village*, it regrets the inequities this decision may cause. The Court notes the following from the dissent in *Nordic Village:*

> The injustice that the Court condones today demonstrates that it is time to reexamine the wisdom of the judge-made rules that drives its decision.

> An officer of an insolvent corporation appropriated corporate funds and used them to discharge a personal tax obligation. Because the Federal Government was the ultimate recipient of the stolen property, the Court holds that the bankruptcy trustee cannot avoid the transfer.... This result is neither equitable nor just.

*Nordic Village,* —— U.S. at —— – ——, 112 S.Ct. at 1017–18 (Stevens, J., dissenting). So it is in the instant case. Multiple and egregious violations of the automatic stay go uncompensated, merely because the IRS is the violator, and it has not filed a proof of claim. However, as *Nordic Village* binds this Court, the Motion must be denied.

IT IS SO ORDERED.