**In the Matter of Cheryl PETTIS.**

**Cheryl PETTIS, Appellee,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION, Appellant.**

Civ. A. No. 91–7715.
Bankruptcy No. 91–13760.
Adv. No. 91–0672.

United States District Court,
E.D. Pennsylvania.

Oct. 26, 1992.

Michael Donahue, Community Legal Services, Inc., Philadelphia, Pa., for Cheryl Pettis, debtor.

Virginia R. Powell, U.S. Attorney's Office, Philadelphia, Pa., for U.S. Dept. of Educ.

K. Kevin Murphy, Pennsylvania Higher Educ. Assistance Agency, Harrisburg, Pa., for PHEAA.

Ronald B. Sann, U.S. Dept. of Educ., Washington, D.C., for U.S. Dept. of Educ.

Mitchell W. Miller, pro se.

TROUTMAN, Senior District Judge.

### MEMORANDUM

The United States Department of Education ("DOE") appeals from the Bankruptcy Court's determination that Cheryl Pettis' student loan obligation may not be offset against her tax refund 133 B.R. 711. Among the issues presented by the DOE is "whether the suit against the United States and its agencies is barred by sovereign immunity since the United States did not file any proof of claim in this matter"? Based upon the Supreme Court's decision

in *United States v. Nordic Village, Inc.*, 503 U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), decided after the Bankruptcy Court's determination, we conclude that the sovereign immunity of the United States has not been waived and will thus reverse and vacate the Order of the Bankruptcy Court, and dismiss this action for lack of subject matter jurisdiction.

## I. BACKGROUND.

Cheryl Pettis ("Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on July 10, 1992. Debtor filed a complaint, on July 16, 1991, against the Pennsylvania Higher Education Assistance Agency ("PHEAA") and the DOE. In her complaint she sought "judgment in favor of plaintiff/debtor and against defendants in the amount of $646.76" for the return of funds collected by offset against her federal income tax refund prior to the filing of her bankruptcy petition.[1] The offset funds were applied against debtor's defaulted student loan under a program authorized by 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A. At no time did the DOE or PHEAA file a proof of claim.

The parties submitted a stipulation of facts and filed cross motions for summary judgment. The Bankruptcy Court entered judgment in favor of debtor and against the DOE.[2] This appeal followed.

## II. STANDARD OF REVIEW.

■■■ We will not disturb the Bankruptcy Court's findings of facts unless they are clearly erroneous. Our review of legal issues is plenary. *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81 (3rd Cir.1988).

## III. DISCUSSION.

■■■ The facts of this action are not disputed; the sole issue before us is legal. In *United States v. Nordic Village, Inc.*, 503 U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), the Supreme Court held that the United States did not waive its sovereign immunity under 11 U.S.C. § 106(c) to any claim for monetary relief:

> Neither § 106(c) nor any other provision of law establishes an unequivocal textual waiver of the Government's immunity from a bankruptcy trustee's claims for monetary relief. Since Congress has not empowered a bankruptcy court to order a recovery of money from the United States, the judgment of the Court of Appeals must be reversed.

*Id.* at ——, 112 S.Ct. at 1017, 117 L.Ed.2d at 191.[3]

The Supreme Court reached this conclusion after analyzing some possible differing interpretations of § 106(c) to show that § 106(c) is not an unambiguous and clear waiver of sovereign immunity, and after analyzing its decision in *Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). *Nordic Village*, thus, invalidates the Bankruptcy Court's discussion of and conclusion regarding the applicability of *Hoffman* to this action via *Hankerson v. United States Department of*

---

**1.** The parties dispute whether the offset occurred within 90 days of the filing of her petition and is thus not allowed under 11 U.S.C. § 553(b). We do not address this issue as our disposition of this action makes it unnecessary.

**2.** The Bankruptcy Court's Order states that "Judgment is entered ... and against Defendant UNITED STATED DEPARTMENT OF EDUCATION ('the DOE') only." The Order makes no mention of PHEAA. The Bankruptcy Court's Opinion at 133 B.R. p. 714 n. 3, however, states: "*Hoffman* [*Hoffman v. Connecticut Department of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989)] precludes any entry of a judgment against PHEAA under 11 U.S.C. § 550(a)(2). It also precludes any relief against PHEAA in the Pettis case." Thus, al-

though it appears that the Bankruptcy Court merely overlooked dismissing PHEAA in its Order, in order to clarify any possible ambiguity, and because PHEAA is, like the DOE, immune from this suit under the holding of *Hoffman,* we will dismiss this action as to PHEAA.

**3.** We note, in light of debtor's contention that the DOE cannot raise the issue of sovereign immunity for the first time on appeal, that the Supreme Court in *Nordic Village* noted, prior to analyzing the issue of sovereign immunity, that the Court of Appeals "upheld that reasoning of the lower courts and rejected a jurisdictional defense (raised for the first time on appeal) that sovereign immunity barred the judgment entered against the Government."

*Education,* a companion student loan/tax refund offset case to the current action and addressed in the same Opinion and Order as the current action.[4]

Section 106 waives sovereign immunity to the extent the United States has filed a claim. *Nordic Village,* 503 U.S. at ——, 112 S.Ct. at 1014, 117 L.Ed.2d at 188. There being no claim filed by the United States in this action, sovereign immunity has not been waived and a grant of monetary relief against the DOE is not possible. *Nordic Village.* The Order of the Bankruptcy Court will be reversed and vacated, and the action will dismissed.

---

**4.** The DOE filed an appeal of the *Hankerson* decision. The Bankruptcy Court's decision of *Hankerson* was reversed and vacated and then dismissed by the District Court which found, "the doctrine of sovereign immunity prohibits the Bankruptcy Court from awarding monetary relief against the Department of Education. The debtor may not recover the amount collected by tax refund offset because the claim is barred by sovereign immunity." *Hankerson v. United States,* 138 Bankr. 473, 477 (E.D.Pa. 1992).