**In re Marion Leo KINCAID, Brenda G. Kincaid, Debtors.**

**Marion Leo KINCAID, Brenda G. Kincaid, Plaintiffs,**

v.

**UNITED STATES of America VETERANS ADMINISTRATION, DEPARTMENT OF VETERANS AFFAIRS; United States of America, Department of the Treasury, Internal Revenue Service, Defendants.**

**Bankruptcy No. 92–10174.**
**Adv. No. 92–1020.**

United States Bankruptcy Court,
E.D. Kentucky,
Ashland Division.

Dec. 18, 1992.

Henry B. Piper, Prestonsburg, KY, for debtors.

David E. Middleton, Asst. U.S. Atty., Lexington, KY, for the U.S.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the parties' cross Motions for Summary Judgment. In this proceeding the plaintiffs seek a money judgment for the payment of their 1991 tax refund, which the defendant Internal Revenue Service ("I.R.S.") setoff against a deficiency on a loan to the plaintiffs guaranteed by the defendant Veterans Administration ("V.A."). The defendants (referred to hereinafter collectively as "the United States") assert that there are no material facts in dispute and that they are entitled to judgment. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); the plaintiffs have alleged that it is a core proceeding.

This matter was initiated by the filing of the plaintiffs' Complaint to Recover Intercepted Income Tax Refund on July 13, 1992. Therein the plaintiffs allege that the I.R.S. intercepted their 1991 federal income tax refund in the amount of $1678.00 on behalf of the V.A. The plaintiffs further allege that $1592.00 of the total refund was earned income credit and the remaining $86.00 was a regular refund.

The plaintiffs contend that the earned income credit portion of their refund is exempt pursuant to 11 U.S.C. § 522(b)(2)(A) and KRS 205.220(3), and the regular refund is exempt pursuant to § 522(b)(2)(A) and KRS 427.160. These exemptions have been claimed in the plaintiffs' bankruptcy case by an amendment to Schedule C filed on June 19, 1992. The plaintiffs had filed their bankruptcy petition in this Court on April 20, 1992. The plaintiffs further contend that the interception of the refund by the I.R.S. on behalf of the V.A. is a post-petition transfer avoidable pursuant to 11 U.S.C. §§ 522(h) and 549(a). The plaintiffs received notice of the interception on May 18, 1992.

The United States filed its Answer and Counterclaim on July 28, 1992. Therein the United States asserted that it has a valid right under nonbankruptcy law to set-off the plaintiffs' tax refund against the debt to the V.A. The United States also asserts sovereign immunity from the plaintiffs' action. The United States further asserts that pursuant to 11 U.S.C. § 553 the right of setoff is preserved and is excepted from the provisions of the Bankruptcy Code including §§ 522(h) and 549(a). The United States filed its Motion for Summary Judgment simultaneously with its Answer and Counterclaim.

The plaintiffs filed their Answer to Counterclaim, Response to Motions, and Motion for Summary Judgment on August 25, 1992. They contend therein that the United States is not entitled to take advantage of the setoff provisions of the Code because the funds involved are exempt both under bankruptcy and nonbankruptcy law and the plaintiffs are entitled to avoid the transfer thereby. The plaintiffs do not support their contention with reference to case law.

In a case very similar to the case at bar, *In re Hankerson*, 133 B.R. 711 (Bkrtcy. E.D.Pa.1991), the court found that the question of setoff of a tax refund is governed by 11 U.S.C. § 553(b), and pursuant to that subsection awarded a monetary judgment for the debtor against the U.S. Department of Education for amounts withheld from her tax refund to repay her student loan debts. On appeal, however, the U.S. District Court for the Eastern

District of Pennsylvania found that the doctrine of sovereign immunity barred the bankruptcy court from awarding monetary relief against the Department of Education. *See Hankerson v. United States Department of Education*, 138 B.R. 473 (E.D.Pa.1992).

The district court relied upon *U.S. v. Nordic Village, Inc.*, —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), decided after the bankruptcy court's ruling, where the high court found that the federal government did not waive sovereign immunity under 11 U.S.C. § 106 to any claim for monetary relief. The present case is similar to the *Nordic Village* case in that the trustee in that case also sought recovery based on 11 U.S.C. § 549(a). The court stated that § 106 waives sovereign immunity to the extent that the federal government files a claim, and since the government had not filed a claim, no grant of monetary relief was possible. At page 475. In the case at bar, the government has not filed a claim, and in addition has specifically pleaded in its Answer and Counterclaim that sovereign immunity was not waived.

Another Court in this circuit has also considered the matter of sovereign immunity post-*Nordic Village* involving similar facts. *In re Nichols*, 143 B.R. 104 (Bkrtcy. S.D.Ohio 1992). In that case the debtors sought monetary damages against the Internal Revenue Service for violation of the automatic stay pursuant to 11 U.S.C. § 362(h) for post-petition actions of the IRS which violated the § 362 stay. The common element of monetary damages is controlling and it is insignificant that the debtors were seeking monetary damages under a different section of the Bankruptcy Code. In a well written opinion, Judge Cole concluded that where no claim had been filed by the IRS, §§ 106(a) and (b) did not apply and that, as *Nordic Village* mandated, while declaratory or injunctive relief against the United States is available in appropriate situations, § 106(c) does not waive sovereign immunity to allow the recovery of monetary damages. Judge Cole is not alone in the distaste he expressed for the result that followed from his finding.

In consideration of all of the foregoing, therefore, it is the opinion of this Court that the United States' Motion for Summary Judgment should be sustained and that the plaintiffs' Motion for Summary Judgment should be overruled. An order in conformity with this opinion will be entered separately.