**In re John W. DOWDLE, Debtor.**

**John W. DOWDLE, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 5–93–00930. Adv. No. 5–93–0160.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

Jan. 11, 1994.

**44**

John F. Murphy, Wellsboro, PA, for debtor/plaintiff.

John Morano, Scranton, PA, for defendant.

### *OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a Motion to Dismiss the above-captioned adversary proceeding filed by the Defendant, Internal Revenue Service, (hereinafter "Defendant"). For the reasons provided herein, the Motion is granted.

This matter is initially before the Court on a Complaint to Recover a Preference filed by the Debtor, John W. Dowdle, (hereinafter "Plaintiff"), seeking the return of One Thousand Six Hundred Forty Dollars ($1,640.00) representing the 1992 tax refund which the Plaintiff alleges was applied to payment of his 1983 Federal taxes within ninety (90) days prior to the filing of his bankruptcy and while the Debtor was insolvent. The Complaint further requests that if the Defendant refuses or is unable to return the funds, then the Plaintiff asks for judgment against the Defendant in the amount of One Thousand Six Hundred Forty Dollars ($1,640.00) together with costs, disbursements and attorney's fees incurred in the amount of Six Hundred Dollars ($600.00).

The Complaint was met by a Motion to Dismiss filed by the Defendant indicating that the United States, through the Internal Revenue Service, has not waived its sovereign immunity to permit this action and, therefore, the Court lacks jurisdiction. In support of its position, the Defendant argues that it enjoys immunity from suit unless sovereign immunity has been unequivocally waived. Further, Bankruptcy Code Sections 106(a) and 106(b) only meet the requirement of unequivocal expression of a waiver of sovereign immunity in order to allow a monetary

recovery against the United States in only limited situations, namely, compulsory counterclaims to governmental claims and permissive counterclaims to governmental claims. Furthermore, the Defendant has not filed a Proof of Claim against the Debtor also indicating that it has not waived its sovereign immunity.

The Plaintiff responds to the Motion arguing that 11 U.S.C. § 106(c) waives the sovereign immunity of the Defendant even in the absence of the Defendant filing a Proof of Claim in this case.

11 U.S.C. § 106 (Waiver of Sovereign Immunity) provides, in its entirety, as follows:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title [11 U.S.C.S. §§ 101 et seq.] that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

"Subsection (a) of § 106 waives sovereign immunity with respect to compulsory counterclaims to governmental claims; subsection (b) waives sovereign immunity with respect to permissive counterclaims to governmental claims, although such immunity is waived only to the amount of the setoff." See *In re Nichols,* 143 B.R. 104 (Bkrtcy.S.D.Ohio 1992) citing *United States v. Nordic Village,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). Furthermore, *In re Nichols* provides that "The waivers found in §§ 106(a) and (b) are generally held to apply where the government has filed a proof of claim in a bankruptcy proceeding." [Cita-

tions omitted]; *Id.* at p. 106. See also *Pettis v. United States Department of Education (Matter of Pettis)*, 146 B.R. 653 (E.D.Pa. 1992); *Hankerson v. U.S. Department of Education*, 138 B.R. 473 (E.D.Pa.1992).

It is undisputed that the United States, through the Internal Revenue Service, did not file a Proof of Claim in the instant matter and, therefore, has not waived the sovereign immunity as provided under Subsections 106(a) and 106(b).

■ Plaintiff argues that Section 106(c) provides the relevant waiver of sovereign immunity. The Supreme Court in *United States v. Nordic Village*, — U.S. —, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) held that Section 106(c) of the Code does not waive the United States sovereign immunity from an action seeking monetary recovery in bankruptcy. There being no claim filed by the United States, sovereign immunity has not been waived and a grant of *monetary relief* against the government is not possible. *United States v. Nordic Village, supra; In re University Medical Center*, 973 F.2d 1065 (3rd Cir.1992); *Matter of Pettis, supra; Hankerson v. U.S. Department of Education, supra*, and *In re Nichols, supra*, at p. 107.

■ Consequently, the Court finds that the Doctrine of Sovereign Immunity prohibits this Court from awarding any monetary relief against the United States through the Internal Revenue Service and the Debtor may not recover the amount setoff by the government from the 1992 tax refund as applied to Debtor's outstanding 1983 tax debt.

Consequently, the Motion to Dismiss is hereby granted.