In re Mark Leslie GREENFIELD, Debtor.

**K. Jin Lim, Trustee, Plaintiff–Appellee,**

v.

**Mark Leslie Greenfield and Shelly Brook Greenfield, Defendants–Appellants.**

**Nos. 99–54191–R, 01–CV–71172–DT.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 22, 2002.

Thomas J. Budzynski, Clinton Township, MI, for appellants.

Kenneth M. Schneider, Schneider, Miller & Lim PC, Detroit, MI, for appellee.

### OPINION & ORDER

DUGGAN, District Judge.

On March 26, 2001, Defendants–Appellants Mark and Shelly Greenfield filed a bankruptcy appeal in this court. The Greenfield's are appealing the bankruptcy court's ruling on a motion for summary judgment in favor of the Trustee on Count I of the Trustee's adversary complaint. For the reasons set forth below, the Court shall affirm the bankruptcy court's ruling.

### Background

Defendant–Appellant Mark Greenfield purchased a home in Clinton Township, Michigan in 1997. On April 13, 1999, Mark Greenfield married Shelly Brook. He then transferred his home by quit claim deed from himself to himself and his wife on April 19, 1999. On September 9, 1999, Mark Greenfield filed an individual chapter 7 petition.

The Trustee filed an adversary complaint on December 14, 1999. In Count I of that complaint, the Trustee alleged that Greenfield's transfer of his home to himself and his wife, as tenants by the entireties, is voidable under 11 U.S.C. § 548 because the transfer was without consideration and the debtor was insolvent, or, alternatively, the transfer was made with the intent to hinder, delay, or defraud creditors. In Count I the Trustee also alleged that Mark Greenfield transferred a Cadillac Seville to his wife. In Count II, the Trustee asserted that the discharge should be denied under 11 U.S.C. § 727(a)(2) and (4) because, in addition to his failure to disclose the above transfers, Mark Greenfield conveyed tanning salon

equipment to his father and did not disclose those conveyances.

The Greenfields filed a motion for summary judgment as to Counts I and II of the adversary complaint, and the Trustee filed a cross motion for summary judgment as to Count I of the complaint.

In an Order dated June 6, 2000, the bankruptcy court denied the Greenfields' summary judgment motion on both Counts I and II. However, the court granted the Trustee's cross motion for summary judgment on Count I and ordered that "Mark Greenfield's transfer of his home to himself and to his wife is avoided. In addition, the trustee may recover $5,000 [1] from Shelly Greenfield." (6/6/00 Order Regarding Motions for Summary Judgment). On June 22, 2001, the bankruptcy court issued a Judgment in the matter that stated that the court's "Order Regarding Motions for Summary Judgment" entered on June 6, 2000,[2] is now a final order. (*See* 6/22/01 Judgment).

Defendants–Appellants Mark and Shelly Greenfield have filed this bankruptcy appeal, appealing the bankruptcy court's Order granting summary judgment as to Count I of the adversary complaint in favor of the Trustee.

*Standard of Review*

■ "The bankruptcy court makes initial findings of fact and conclusions of law. The district court then reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo." *Rembert v. AT & T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277 (6th Cir.1998)(quoting *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Serv. Inc.)*, 106 F.3d 1255, 1259 (6th Cir.1997)).

### Discussion

The Greenfields are appealing the bankruptcy court's ruling granting summary judgment on behalf of the Trustee on Count I of the Trustee's adversary complaint. Count I pertained to the transfer of Mark Greenfield's home and an alleged transfer of a vehicle.

### I. *Transfer of the Home*

■ In ruling on the cross motions for summary judgment as to Count I of the adversary complaint, the bankruptcy court noted that:

Section 548(a)(2) allows the trustee to avoid a transfer of property made within one year before the filing date if the debtor received less than reasonably equivalent value and the debtor was insolvent or became insolvent as a result of the transfer. The Greenfields do not dispute that Mark Greenfield was insolvent at the time of the transfers. Therefore, the issue is whether the transfers were made for less than reasonably equivalent value.

*In re Greenfield*, 249 B.R. at 858. The bankruptcy court then found that Mark Greenfield did not receive such consideration for the transfer, and therefore ruled that "the transfer is avoidable under § 548(a)(2)." *Id.* at 858–59.

In this appeal, the Greenfields assert that the bankruptcy court erred in finding that Mark Greenfield received less than reasonably equivalent value for the trans-

---

1. As explained in the bankruptcy court's opinion, this $5,000 represented the amount of money Mark Greenfield gave his wife for purchase of the Cadillac Seville at issue. *In re Greenfield*, 249 B.R., 856, 858–59 (Bkrtcy. E.D.Mich.2000).

2. The Court notes that the Judgment mistakenly states the date of the Order as June 6, 2001. However, the bankruptcy court's "Order Regarding Motions for Summary Judgment" was actually issued on June 6, 2000. (*Id.*).

fer of the home. They assert that "[t]he facts put forth were, there was consideration for the transfer, by way of the dower interest of the debtor's wife, which was created by operation of law at the instant of marriage." (Appellants' Br. at 9–10). It appears that the Greenfields contend that Shelly Greenfield gave up her dower rights in consideration for Mark Greenfield transferring the house to himself and Shelly as tenants by the entireties, and they therefore assert that Mark Greenfield received reasonably equivalent value for that transfer.

The Court notes that such an argument was not adequately presented to the bankruptcy court. While the Greenfields discussed Shelly Greenfield's dower rights, the Greenfields did not fully articulate their current position that Shelly Greenfield gave up her dower rights in consideration for the transfer. As a result, the bankruptcy court did not consider the Greenfield's current position. Arguments not raised in the bankruptcy court need not be addressed on appeal. *In re Dow Corning Corp.*, 255 B.R. 445, 523 (E.D.Mich.2000); *United States v. Woloschak Farms*, 109 B.R. 736, 737 (N.D.Ohio 1989). Nevertheless, the Court finds the Greenfields' current argument unpersuasive.

Under Michigan law, dower is the right of a widow of a deceased person to "use during her natural life, of 1/3 part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage." MICH. COMP. LAWS § 558.1. As Mark Greenfield is not deceased, any dower right held by Shelly Greenfield at the time of the transfer was an inchoate right of dower, or in other words, a contingent estate which would only become vested on Mark Greenfield's death. *Oades v. Standard Savings &* *Loan Ass'n*, 257 Mich. 469, 473, 241 N.W. 262 (1932).

It is the Greenfields' position that Shelly Greenfield gave up her inchoate dower rights in the property in question in exchange for Mark Greenfield transferring the deed from Mark Greenfield to Mark and Shelly Greenfield as tenants by the entirety. In a tenancy by the entirety, "each spouse is considered to own the whole and, therefore, is entitled to the enjoyment of the entirety and to survivorship." *Rogers v. Rogers*, 136 Mich.App. 125, 134, 356 N.W.2d 288 (1984). Thus, Shelly Greenfield gave up her contingent life estate in 1/3 of the property at issue in exchange for Mark Greenfield giving her a tenancy by the entirety that entitled her to enjoyment of the entire property during her lifetime and the right of survivorship. Accordingly, the Court concurs with the bankruptcy court's determination that Mark Greenfield did not receive reasonably equivalent value for the transfer.

## II.  *Transfer of $5,000*

The Greenfields also appeal the bankruptcy court's ruling that the trustee may recover $5,000 from Shelly Greenfield. As stated *supra*, in Count I the Trustee asserted that Mark Greenfield transferred a Cadillac Seville to his wife. In the bankruptcy court Greenfield asserted that "he did not transfer a Cadillac to his wife, but helped her financially with the purchase of the car." *In re Greenfield*, 249 B.R. at 858. Greenfield also stated that his wife owned a Dodge Spirit which she sold for $3,800, and that she then used that money, along with money from Greenfield, to purchase a used Cadillac for $8,800. Greenfield asserted that he provided these funds in order to provide a safer vehicle for his expectant wife. *Id.* The Trustee asserted that she is entitled to a judgment of $5,000, which represents the amount of

money Mark Greenfield gave his wife for the purchase of the car. *Id.*

In addressing the $5,000 judgment sought by the Trustee in relation to the purchase of the Cadillac Seville, the bankruptcy court stated:

> With respect to the transfer of $5,000 from Greenfield to his wife for the purchase of a car, Greenfield admits that he assisted with the purchase and offers no defense to the trustee's claim under § 548(a)(2). Accordingly, the Greenfields' motion for summary judgment on this issue is denied. The trustee's motion for summary judgment on this issue is granted.

*In re Greenfield,* 249 B.R. at 859.

The Greenfields now raise two arguments with respect to the $5,000 judgment. First, the Greenfields assert that the money used towards the purchase of the vehicle came from a joint bank account and that "no evidence was offered indicating that the debtor's wife did not contribute funds to the joint account." (Appellants' Br. at 10). However, it does not appear that the Greenfields ever raised that issue in the bankruptcy court. Issues not raised in the bankruptcy court will not be addressed on appeal. *In re Dow Corning Corp.,* 255 B.R. at 523; *United States v. Woloschak Farms,* 109 B.R. at 737.

The Greenfields also assert that the bankruptcy court miscalculated the amount of money that Mark Greenfield contributed toward the purchase of the vehicle, stating:

> the movant's own pleading agrees that a car was purchased for $8,000.00, and that at a very minimum, the wife had traded in a vehicle worth $3800.00

against that vehicle. Subtracting those two numbers leaves a $4200.00 amount. Yet, the court found a judgment for $5,000.00.

Appellants' Br. at 13. However, the Greenfields have not identified any such pleading. Moreover, as the Trustee notes, the dollar amount of the judgment is supported by the facts as alleged by the Greenfields in the bankruptcy court.[3] Accordingly, the Court is not satisfied that the bankruptcy court miscalculated the amount Mark Greenfield contributed toward the purchase of the vehicle.

### Conclusion

For the reasons set forth above, this Court **AFFIRMS** the bankruptcy court's summary judgment ruling in favor of the Trustee with respect to Count I of the Trustee's adversary complaint.

**IT IS SO ORDERED.**

---

**3.** In the Greenfields' summary judgment brief submitted to the bankruptcy court, the Greenfields stated that "Shelly Brook Greenfield and her mother owned a Dodge Spirit. This is what she brought to the marriage. The Dodge Spirit was sold for the sum of $3800.00, and a used Cadillac Seville was purchased for $8800.00." (*See* Appellee's Br., Ex. A at 15).